Matter of Krystle L.B. v Crystal L.W. (2018 NY Slip Op 08019)





Matter of Krystle L.B. v Crystal L.W.


2018 NY Slip Op 08019


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-02310
 (Docket No. G-5123-17)

[*1]In the Matter of Krystle L.B. (Anonymous), petitioner-respondent, 
v
Crystal L.W. (Anonymous), respondent-respondent, James E.S. (Anonymous) III, appellant.


Del Atwell, East Hampton, NY, for respondent-appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Joan S. Posner, J.), dated January 8, 2018. The order, after a hearing at which the father was neither present nor represented, and upon the mother's consent, granted the petition of Krystle L. B. to be appointed permanent guardian of the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a new hearing in accordance herewith and a new determination thereafter on the guardianship petition.
An incarcerated parent has a fundamental right to be heard in a proceeding impacting the care and control of his or her child (see Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373; Matter of Tristram K., 25 AD3d 222, 226). Here, the incarcerated father's rights were violated when the Family Court elected to hear and determine the guardianship petition without producing the father in court or affording him an opportunity to be heard.
Accordingly, we reverse the order appealed from, and remit the matter to the Family Court, Dutchess County, for a hearing at which the father's constitutional right to be heard will not be abridged and a new determination thereafter on the guardianship petition.
In light of our determination, we need not reach the father's remaining contentions.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court